**ARMILLA STALEY-NGOMO**
California State Bar No. 259686
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Armilla_Staley-Ngomo@fd.org

Attorneys for ASHTON TYLON AMIR JORDAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHTON TYLON AMIR JORDAN,<br><br>Defendant. | CASE NO.:  21CR2649-DMS<br><br>**MOTIONS:**<br><br>**1) TO COMPEL DISCOVERY;**<br>**2) TO PRESERVE EVIDENCE; AND**<br>**3) FOR LEAVE TO FILE FURTHER MOTIONS** |

## I.

## FACTUAL BACKGROUND

On December 13, 2021, Mr. Jordan was arraigned on a two-count Indictment charging him with violating 18 U.S.C. §§ 1591 and 2421. Mr. Jordan entered a not guilty plea.

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

The defense moves for the production of certain discovery and for the preservation of certain evidence. This request includes not just information that the prosecutor knows of. It includes all information that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *United States v. Bryan*, 868 F.2d 1032, 1040 (9th Cir. 1989). As of the filing of this motion,

1

Mr. Jordan has not yet received any discovery, as the parties are waiting for the Court to issue a protective order due to the nature of the pending charges. As such, there is still outstanding discovery that has not been produced, and the preservation of certain evidence that may be destroyed or put out of the custody and control of the government is specifically requested.

"Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). The government must disclose all material evidence. Fed. R. Evid. 16(E)(i). "Materiality is a low threshold; it is satisfied so long as the information ... would have helped to prepare a defense." *United States v. Soto–Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (internal quotation marks omitted). "The test is not whether the discovery is admissible at trial, but whether the discovery may assist [the defendant] in formulating a defense, including leading to admissible evidence." *Id.* This includes both inculpatory and exculpatory information, *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013), and even information that could "cause[] a defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal quotation marks omitted). With this in mind, Mr. Jordan moves for the preservation and production of the following evidence.

**(1)** <u>Mr. Jordan's Statements</u>. The government must disclose to Mr. Jordan **all** statements made by Mr. Jordan; the substance of any statements made by Mr. Jordan that the government intends to offer in evidence at trial—either in its case-in-chief or in rebuttal; any response by Mr. Jordan to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of Mr. Jordan's oral statements contained in the handwritten notes of any government agent; any response to *Miranda* warnings that were or may have been given to Mr. Jordan; as well as any other statements by Mr. Jordan. Fed. R. Crim. P. 16(1)(1)(A).

Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial." *United States v. Rodriguez*, 799 F.2d 649 (11th Cir. 1986); *see also United States v. Noe*, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal—government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

The Advisory Committee Notes and the 1991 Amendments to Rule 16 make it abundantly clear that the government has the obligation to reveal **all** of Mr. Jordan's statements, whether oral or written, regardless of whether the government intends to make any use of these statements. Additionally, the government must "disclose *any written record* which contains *reference to* a relevant oral statement by [Mr. Jordan] which was in response to interrogation, without regard to whether the prosecution intends to use the statements at trial." Fed. R. Crim. P. 16 Advisory Committee Notes (1991 Amendment) (emphasis added).

**(2)** <u>*Brady* Material</u>. Mr. Jordan requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. *See generally Brady v. Maryland*, 373 U.S. 83 (1963). Mr. Jordan further requests that the government comply with its affirmative duty to seek out this information from anyone acting on the government's behalf. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police."). This information should be produced promptly after its existence becomes known to the government.

Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). *Brady* also requires disclosure of information that is favorable to either "guilt or punishment," and

therefore includes information that may result in a lower sentence, including any cooperation or attempted cooperation by Mr. Jordan, or, any information obtained from other investigations or interrogations that could result in a lower sentence for Mr. Jordan. *Brady,* 373 U.S. at 87.). Mr. Jordan specifically requests any and all favorable information obtained in other investigations, other interrogations, or other interviews that could exculpate Mr. Jordan or otherwise provide information that bears on Mr. Jordan's sentence, including Mr. Jordan's alleged role in the offense.

"[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial." *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013). Thus, the prosecutor may not withhold favorable information based on the prosecutor's belief that an appellate court would find the evidence immaterial. *See United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020).

If the government fails to adhere to its *Brady* obligations, Mr. Jordan requests that this Court impose all appropriate sanctions pursuant to this Court's orders under Federal Rule of Criminal Procedure 5(f) and the Due Process Protection Act. Pub. L. No. 116-182, 134 Stat. 894 (2020) (requiring that "the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law."). This remedy can and should include dismissal of the case. *Bundy*, 968 F.3d at 1045 (approving remedy of dismissal for *Brady* violations).

**(3)** <u>Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings under Rule 16(a)(1)</u>. Mr. Jordan specifically requests all arrest reports, notes, dispatch, and/or other audio/video recordings that relate to the circumstances surrounding Mr. Jordan's arrest and questioning. This request includes, but is not limited to, any audio recordings, video recordings, rough notes, records, referral slips, reports, in-field communication between officers, transcripts, or other

documents in which statements of Mr. Jordan or any other discoverable material is contained. This information is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady*. In addition, the government must produce recordings, arrest reports, investigators' notes, memos from arresting officers, sworn statements, and any other reports relating to any statement made by Mr. Jordan under Fed. R. Crim. P. 16(a)(1)(B) and (c), 26.2. Preservation of rough notes is specifically requested, even if the government does not deem them discoverable at this time. *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) ("We reiterate our holding, however, that the FBI must hereafter preserve the original notes taken by agents during interviews with prospective government witnesses or with an accused.").

**(4)** <u>Evidence Seized</u>. Mr. Jordan requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E). The defense also requests any warrant applications that may have been filed and any warrants that have issued.

The defense requests the opportunity to inspect any seized evidence before trial. The defense further requests the opportunity to inspect any cell phone that was seized, as well as the production of any evidence obtained as the result of that seizure.

**(5)** <u>Request for Preservation of Evidence</u>. Where evidence is seized, "the government should take every reasonable precaution to preserve it." *United States v. Sheiden*, 508 F.2d 898, 903 n.1 (9th Cir. 1974). "[W]hen the government fails to comply with preservation requests and allows evidence to be destroyed, it likely runs afoul of its discovery disclosure requirements under Fed.R.Crim. P. 16." *United States v. Zaragoza-Moreira*, 780 F.3d 971, 981 (9th Cir. 2015).

Mr. Jordan specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to:

- Mr. Jordan's personal effects;
- The results of any fingerprint analysis;
- Any and all audio or video recordings of Mr. Jordan or any third parties—including of the alleged victim—related to this case, including any post-arrest statements;
- Any and all audio and video recordings of the events that took place in this case, including footage from any body worn cameras;
- Any and all audio and video surveillance footage from the Baymont Hotel and Days Inn Hotel related to this case;
- Any and all online commercial sex advertisements and photographs related to this case;
- Any evidence seized from Mr. Jordan or any third party—including from the alleged victim—in relation to this case, including any cellular phones and the data on the phones;
- Any and all medical records, psychiatric records, and photographs related to the alleged victim's injuries in this case, including from Scripps Mercy Hospital; and,
- Any and all evidence related to the photographic lineup and identification of Mr. Jordan by the alleged victim.

Mr. Jordan requests this Court issue an order to preserve all evidence related to this case, and allow Mr. Jordan to inspect all evidence seized in this case.

**(6)** <u>Evidence Material to Preparing the Defense or To Be Used in the Government's Case-in-Chief or in Rebuttal</u>. Mr. Jordan seeks, under Fed. R. Crim. P. 16(a)(1)(E), to inspect and/or copy, as well as test, if necessary, all documents and tangible objects (including, for example, photographs, documents, data, reports, any fingerprint analyses, or any other objects that have been seized) that are material to the preparation of the defense, or intended for use in the government's case-in-chief or in rebuttal, or were obtained from or belong to Mr.

Jordan, including from the alleged victim. Fed. R. Crim. P. 16(a)(1)(E). Through this request, Mr. Jordan intends to invoke the full scope of this rule, which provides Mr. Jordan access to any document or object that is material to the preparation of the defense.

**(7)** <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b), and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. *See United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999). Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (internal citations omitted). Mr. Jordan is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." *Id.*; *United States v. Perez-Tosta*, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Jordan requests such notice two weeks before trial in order to give the defense adequate time to investigate and prepare for trial.

**(8)** <u>Expert Witnesses</u>. Mr. Jordan requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). The defense requests the notice of expert testimony be provided at least two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including by obtaining its own expert and/or investigating the opinions and/or the credentials of the government's expert, and obtaining a hearing in

advance of trial to determine the admissibility of any expert. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (trial judge is a gatekeeper and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings.").

**(9)** <u>Evidence of Bias or Motive to Lie</u>. Mr. Jordan requests any evidence that any prospective government witness—including the alleged victim—is biased or prejudiced against Mr. Jordan, or has a motive to falsify or distort their testimony. *Bagley*, 473 U.S. at 676.

**(10)** <u>Evidence of Investigation of Any Government Witness</u>. Mr. Jordan requests any evidence that any prospective government witness—including the alleged victim—has engaged in any criminal act, whether or not resulting in a conviction, or is under investigation by federal, state or local authorities for any potentially criminal conduct. *See* Fed. R. Evid. 608, 609 and 613; *Brady*, 373 U.S. 83.

**(11)** <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used drugs or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

**(12)** <u>Jencks Act Material</u>. Mr. Jordan requests all material to which he is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, including dispatch tapes, in advance of the motion hearing or trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Bosshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that interview

notes constitute Jencks material when an agent reviews notes with the subject of the interview); *see also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999).

Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Jordan to investigate the Jencks material. Mr. Jordan requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

**(13)** <u>*Giglio* Information</u>. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Jordan requests all statements and/or promises, express or implied, made to any government witnesses—including the alleged victim—in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. This request includes any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution or any possible plea bargain, even if no bargain ultimately was made, or the advice not followed.

This request also specifically includes any discussion with a potential witness regarding that witness's immigration status and/or any effect that the witness's statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status. For purposes of this request, "immigration status" includes, but is not limited to citizenship, nationality, a green card, border crossing card, parole letter, visa application, or any kind of permission to remain in the United States.

**(14)** <u>Scientific and Other Information</u>. Mr. Jordan specifically requests the results of any scientific or other tests or examinations, including any reports prepared by the government pertaining to any cellular telephones that were seized in this case, and the results of any fingerprint analysis. *See* Rule 16(a)(1)(F).

**(15)** <u>Informants and Cooperating Witnesses</u>. The defense requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957) ("Where the disclosure of an informer's identity, or of the contents of her communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."); *United States v. Struckman*, 611 F.3d 560, 580 (9th Cir. 2010) (applying *Roviaro*).

The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. *Brady*, 373 U.S. 83; *Giglio*, 405 U.S. at 154-55; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993) (finding that critical lie by informant-witness was exculpatory and, as a result, discoverable under *Brady*). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id.*

**(16)** <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Jordan specifically requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest, and interrogation in this case, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974).

**(17)** <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Jordan requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. He requests that these files

be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991)("The obligation [for the government] to examine the files arises by virtue of the making of a demand for their production."); s*ee also Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police").

**(18)** <u>Any Prior Criminal Record</u>. Mr. Jordan requests disclosure of any prior criminal record. Fed. R. Crim. P. 16(a)(1)(D). Mr. Jordan requests that the government produce not only a "rap" sheet, but also copies of any documents in the possession, custody, or control of the government that relate to any prior convictions upon that the government intends to rely at trial or sentencing.

**(19)** <u>Residual Request</u>. Mr. Jordan intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

Mr. Jordan requests that the government provide him with the above-requested material sufficiently in advance of trial to avoid unnecessary delay. Mr. Jordan also requests that the government provide him and his attorneys with the above-requested material well in advance of motions hearings. This lead-time is necessary in order for defense counsel to effectively investigate this case and assist Mr. Jordan in preparing his defense.

### III.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

To date, there is outstanding discovery that has not been produced. As new information surfaces—via discovery provided by government, defense investigation, or an order of this Court—the defense may need to file further

motions, or supplement existing motions. For this reason, defense counsel respectfully requests leave to file further motions.

## IV.
## CONCLUSION

For these reasons, Mr. Jordan respectfully asks this Court to grant his motions.

Respectfully submitted,

Dated: December 30, 2021     *s/ Armilla Staley-Ngomo*
ARMILLA STALEY-NGOMO
Federal Defenders of San Diego, Inc.

Attorneys for
ASHTON TYLON AMIR JORDAN